USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-21-15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff

v.

DANIEL H. MUDD,
ENRICO DALLAVECCHIA, and
THOMAS A. LUND,

                Defendants.

Civil Action No. 11-CV-9202-PAC

ECF CASE

## PARTIAL STIPULATION AND AGREEMENT AND ~~[PROPOSED]~~ ORDER as to Dallavecchia and Lund

    WHEREAS, in connection with *SEC v. Daniel H. Mudd, et al.*, Civil Action No. 11-cv-9202 (S.D.N.Y.) (the "Case"), the United States Securities and Exchange Commission (the "SEC") filed a Complaint against ENRICO DALLAVECCHIA ("Dallavecchia") and THOMAS A. LUND ("Lund") (collectively, the "Stipulating Defendants"), and Stipulating Defendants filed Answers to the Complaint denying the allegations therein. The SEC and Stipulating Defendants (collectively, the "Parties") subsequently engaged in substantial discovery. On March 20, 2015, Stipulating Defendants filed a Motion for Summary Judgment, which the SEC opposed on May 22, 2015.

    WHEREAS, during the Relevant Period of the Complaint from December 6, 2006, to August 8, 2008 (the "Relevant Period"), there were no universally accepted definitions of subprime or Alt-A that were used by market participants.

    WHEREAS, during the Relevant Period the Federal National Mortgage Association ("Fannie Mae") published SEC filings that disclosed that approximately 0.2% to 0.3% of its total single-family mortgage credit book of business consisted of subprime mortgage loans or structured Fannie Mae MBS backed by subprime mortgage loans and that approximately 11% to 12% of its total single-family mortgage credit book of business consisted of Alt-A mortgage loans or structured Fannie Mae MBS backed by Alt-A mortgage loans.

    WHEREAS, the SEC has alleged that: (i) Fannie Mae's definitions of subprime in its disclosures, as written, included Expanded Approval ("EA") and MyCommunityMortgage ("MCM") loans, and that its quantifications of subprime exposure were materially false and misleading for not including these loans; (ii) Fannie Mae's definitions of Alt-A in its disclosures, as written, included all of its reduced documentation loans, and that its quantifications of Alt-A exposure were materially false and misleading for not including these loans; (iii) Dallavecchia

1

violated Section 17(a)(2) of the Securities Act of 1933 ("Securities Act") and/or knowingly aided and abetted others in violating Sections 10(b) and 13(a) of the Exchange Act of 1934 ("Exchange Act"); and (iv) Lund knowingly aided and abetted others in violating Sections 10(b) and 13(a) of the Exchange Act.

WHEREAS, the Defendants dispute these allegations.

WHEREAS, during the Relevant Period, Dallavecchia, as Chief Risk Officer of Fannie Mae, signed sub-certifications that covered the subprime and Alt-A sections of SEC filings. Such sub-certifications stated, in part, that, to the best of his knowledge, the filings did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered by the filings.

WHEREAS, during the Relevant Period, Lund, as Executive Vice President of Fannie Mae's Single Family Mortgage Business, signed sub-certifications that covered the subprime and Alt-A sections of SEC filings. Such sub-certifications stated, in part, that, to the best of his knowledge, the filings did not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered by the filings.

WHEREAS, for more than three years following the filing of the Complaint, the Parties have vigorously litigated this Case. The extensive fact and expert discovery process of this litigation is now complete.

WHEREAS, the parties believe that the litigation of this Case is not likely to conclude for at least an additional twelve (12) months.

WHEREAS, the Parties agree, without conceding the strengths or weaknesses of their respective claims and defenses, that it is not in the interest of justice to continue to litigate this matter against Dallavecchia and Lund; and

WHEREAS, in the interest of justice, the Parties accordingly have agreed to resolve this Case as to Dallavecchia and Lund without further litigation;

IT IS THEREFORE HEREBY STIPULATED AND AGREED AS FOLLOWS:

## RESOLUTION OF THE CASE

1. The Parties agree and understand that this Stipulation and Agreement resolves all claims against Dallavecchia and Lund arising out of or relating to the events and subject matter of the SEC's Complaint, and that this Case shall be discontinued against Stipulating Defendants as of the date on which the Court so-orders this Stipulation.

2. Nothing in this Stipulation and Agreement shall have any effect on Defendant Daniel H. Mudd, against whom this Case continues.

## PERIOD OF AGREEMENT

3. The Parties agree and understand that the provisions of this Stipulation and Agreement are in full force and effect for the period of twelve (12) months from the date on which the Court so-orders this Stipulation (the "Agreed Period").

## UNDERTAKINGS

4. a. During the Agreed Period, Dallavecchia agrees not to violate directly or indirectly the anti-fraud provisions of the federal securities laws, including Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-13 thereunder, and Section 17(a)(2) of the Securities Act;

   b. During the Agreed Period, Lund agrees not to violate directly or indirectly the anti-fraud provisions of the federal securities laws, including Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-13 thereunder;

   c. During the Agreed Period:

   (i) Dallavecchia agrees to refrain from signing any report required to be filed with the SEC under Exchange Act Sections 13(a) or 15(d) or any certification required pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002;

   (ii) Lund agrees to refrain from signing any report required to be filed with the SEC under Exchange Act Sections 13(a) or 15(d) or any certification required pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002.

5. a. Each Stipulating Defendant agrees to contribute, or to cause to be contributed, the following amounts:

   Dallavecchia: $25,000

   Lund: $10,000

   b. The above-listed amounts shall be contributed to Treasury Account 20X8790 and sent to:

   U.S. Department of the Treasury
   Credit Accounting Branch
   3700 East-West Highway, Room 622D
   Hyattsville, MD 20782

6. Within fourteen (14) days of the conclusion of the Agreed Period each Stipulating Defendant agrees to certify, in writing, his compliance with the undertakings set forth in Paragraphs 5(a) and 5(b) and shall submit the certification by overnight mail to Paul Kisslinger, Esq., Assistant Chief Litigation Counsel, 100 F Street NE, Washington, DC 20549-5971, with a copy to the Office of Chief Counsel of the SEC's Division of Enforcement.

## COOPERATION

7. Each Stipulating Defendant agrees to cooperate and testify truthfully in any other related judicial or administrative proceeding or investigation commenced by the SEC or to which the SEC is a party. To cooperate with the SEC, Stipulating Defendants authorize their respective undersigned counsel to accept service of process of any subpoena issued pursuant to this Paragraph 7.

## EFFECT OF NON-COMPLIANCE
## AND THE SEC'S RIGHT TO REFILE

8. Each Stipulating Defendant understands and agrees that if he fails to comply with the Undertakings during the Agreed Period, the SEC may refile a Complaint against the applicable Stipulating Defendant, thereby effectively resuming this litigation against that Stipulating Defendant ("Refiled Case"). Prior to refiling a Complaint against a Stipulating Defendant, the SEC shall provide the affected Stipulating Defendant with twenty-one (21) days' notice of the SEC's intent to refile, during which time the affected Stipulating Defendant shall have an opportunity to make a presentation explaining why a Refiled Case is not appropriate. The Complaint in a Refiled Case shall be limited to no more than the claims asserted against the applicable Stipulating Defendant in the original Complaint. The SEC and each Stipulating Defendant agree that, if the SEC resumes litigation against that Stipulating Defendant, the discovery record from this Case may be used in the Refiled Case and need not be duplicated.

## STATUTE OF LIMITATIONS

9. a. Each Stipulating Defendant agrees that the running of any statute of limitations applicable to any claim asserted in a Refiled Case is tolled and suspended as of December 16, 2011, the date on which this Case was commenced, through the date upon which the SEC receives the Stipulating Defendant's certification pursuant to Paragraph 6 of this Stipulation and Agreement.

b. Each Stipulating Defendant and any of his attorneys or agents shall not include the period between December 16, 2011, and the date on which the SEC receives the Stipulating Defendant's Paragraph 6 certification in the calculation of the running of any statute of limitations or for any other time-related defense in any Refiled Case.

c. This agreement shall not affect any applicable statute of limitations defense or any other time-related defense that may have been available to any Stipulating Defendant before the commencement of the Case or be construed to revive any claim or request for relief that was barred by any applicable statute of limitations or any other time-related defense as of December 16, 2011.

d. Other than as set forth in this Paragraph 9, no other provision of this Stipulation and Agreement shall serve as a time bar to the refiling of a Complaint against any Stipulating Defendant who shall fail to comply with the Undertakings during such Stipulating Defendant's Agreed Period; and, if it shall be determined that the refiling is permitted pursuant to this Agreement, any Stipulating Defendant against whom the Complaint is refiled hereby waives any

4

right to, and shall not, assert the statute of limitations or any other time-based defense to the refiling, other than as set forth in this Paragraph 9.

## VOLUNTARY AGREEMENT

10. Each Stipulating Defendant has entered into this Stipulation and Agreement voluntarily and represents that no threats, offers, promises, inducements, or representations other than those contained in this Stipulation and Agreement have been made by the SEC or any member, officer, employee, agent, or representative of the SEC.

11. Each Stipulating Defendant has read and understands this Stipulation and Agreement. Furthermore, each Stipulating Defendant has reviewed all legal and factual aspects of this matter with his attorneys. Each Stipulating Defendant has thoroughly reviewed this Stipulation and Agreement with his attorneys and has received satisfactory explanations concerning each paragraph of this Stipulation and Agreement. After conferring with his attorneys and considering all available alternatives, each Stipulating Defendant has made a knowing decision to enter into this Stipulation and Agreement.

## ENTIRETY OF AGREEMENT

12. This Stipulation and Agreement constitutes the entire agreement between the SEC and each Stipulating Defendant and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

13. This Stipulation and Agreement cannot be modified as to any Stipulating Defendant or the SEC except in writing, signed by that Stipulating Defendant and a representative of the SEC.

14. In the event an ambiguity or a question of intent or interpretation arises, this Stipulation and Agreement shall be construed as if drafted jointly by the Parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring the SEC or any Stipulating Defendant by virtue of the authorship of any of the provisions of the Stipulation and Agreement.

15. Each Stipulating Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Stipulating Defendant to defend against this Case. For these purposes, the Parties agree that no party is the prevailing party in this Case. Nothing in this Stipulation and Agreement is intended to limit in any way Fannie Mae's duties and obligations of advancement and/or indemnification with respect to the Stipulating Defendants.

## CONTINUING JURISDICTION

16. The Court shall retain jurisdiction of this matter for the purpose of enforcing Paragraph 8 of this Stipulation and Agreement.

17. The Clerk of Court is directed to terminate Dallavecchia and Lund from the docket as well as docket entry # 140 and #145.

5


The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: 9/17/2015

U.S. Securities and Exchange Commission

By: _____

U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971

_____
Enrico Dallavecchia

Approved as to form:

_____
Andrew J. Levander, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

*Counsel for Enrico Dallavecchia*

Approved as to form:

_____
Thomas A. Lund

_____
Michael N. Levy, Esq.
Paul Hastings LLP
875 15th Street, NW
Washington, DC 20005

*Counsel for Thomas A. Lund*

So Ordered: _____    Dated: 9/21/2015
UNITED STATES DISTRICT JUDGE

6