UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL H. MUDD, ENRICO DALLAVECCHIA, and THOMAS A. LUND,<br><br>Defendants. | Case No. 11-cv-9202 (PAC)<br><br>ECF Case |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 22, 2016

## STIPULATION AND AGREEMENT AND [PROPOSED] ORDER

WHEREAS, in connection with *SEC v. Daniel H. Mudd, et al.*, Civil Action No. 11-cv-9202 (S.D.N.Y.) (the "Case"), the United States Securities and Exchange Commission (the "SEC") filed a Complaint against DANIEL H. MUDD ("Mudd" or "Stipulating Defendant"), and Stipulating Defendant filed an Answer to the Complaint denying the allegations therein. The SEC and Stipulating Defendant (collectively, the "Parties") subsequently engaged in substantial discovery.

WHEREAS, the parties believe that the litigation of this Case is not likely to conclude for at least an additional six (6) months.

WHEREAS, the Parties agree, without conceding the strengths or weaknesses of their respective claims and defenses, that it is not in the interest of justice to continue to litigate this matter against Mudd; and

WHEREAS, in the interest of justice, the Parties accordingly have agreed to resolve this Case as to Mudd without further litigation;

1076081

IT IS THEREFORE HEREBY STIPULATED AND AGREED AS FOLLOWS:

## RESOLUTION OF THE CASE

1. The Parties agree and understand that this Stipulation and Agreement resolves all claims against Mudd arising out of or relating to the events and subject matter of the SEC's Complaint, and that this Case shall be discontinued as of the date on which the Court so orders this Stipulation.

## PERIOD OF AGREEMENT

2. The Parties agree and understand that the provisions of this Stipulation and Agreement are in full force and effect for the period of twelve (12) months from the date on which the Court so orders this Stipulation (the "Agreed Period").

## UNDERTAKINGS

3. During the Agreed Period, Mudd agrees not to violate the antifraud provisions of the securities laws. Mudd understands and agrees that during the Agreed Period this undertaking has the force and effect of an injunction of this Court.

4. a. Mudd further agrees to contribute, or cause to be contributed, the following amount: $100,000.

   b. The above-listed amount shall be contributed to Treasury Account 20X8790 and sent to:

   U.S. Department of the Treasury
   Credit Accounting Branch
   3700 East-West Highway, Room 622D Hyattsville, MD 20782

5. After the Agreed Period and within fourteen (14) days of the conclusion of the Agreed Period, Mudd agrees to certify, in writing, his compliance with the undertakings set forth in Paragraphs 4(a) and 4(b) and shall submit the certification by overnight mail to Paul W.

Kisslinger, Esq., Assistant Chief Litigation Counsel, 100 F Street NE, Washington, DC 20549-5971, with a copy to the Office of Chief Counsel of the SEC's Division of Enforcement.

### EFFECT OF NON-COMPLIANCE AND THE SEC'S RIGHT TO REFILE

6. Mudd understands and agrees that if he fails to comply with the Undertakings during the Agreed Period, the SEC may refile a Complaint against him, thereby effectively resuming this litigation ("Refiled Case"). Prior to refiling a Complaint, the SEC shall provide Mudd with twenty-one (21) days' notice of the SEC's intent to refile, during which time Mudd shall have an opportunity to make a presentation explaining why a Refiled Case is not appropriate. The Complaint in a Refiled Case shall be limited to no more than the claims asserted against Mudd in the original Complaint. The SEC and Mudd agree that, if the SEC resumes litigation, the discovery record from this Case may be used in the Refiled Case and need not be duplicated.

### STATUTE OF LIMITATIONS

7. a. Mudd agrees that the running of any statute of limitations applicable to any claim asserted in a Refiled Case is tolled and suspended as of December 16, 2011, the date on which this Case was commenced, through the date upon which the SEC receives Mudd's certification pursuant to Paragraph 5 of this Stipulation and Agreement.

b. Mudd and any of his attorneys or agents shall not include the period between December 16, 2011, and the date on which the SEC receives Mudd's Paragraph 5 certification in the calculation of the running of any statute of limitations or for any other time-related defense in any Refiled Case.

c. This agreement shall not affect any applicable statute of limitations defense or any other time-related defense that may have been available to the Stipulating

1076081

Defendant before the commencement of the Case or be construed to revive any claim or request for relief that was barred by any applicable statute of limitations or any other time-related defense as of December 16, 2011.

   d. Other than as set forth in this Paragraph 7, no other provision of this Stipulation and Agreement shall serve as a time bar to the refiling of a Complaint against Mudd if he shall fail to comply with the Undertakings during the Agreed Period; and, if it shall be determined that the refiling is permitted pursuant to this Agreement, Mudd hereby waives any right to, and shall not, assert the statute of limitations or any other time-based defense to the refiling, other than as set forth in this Paragraph 7.

## VOLUNTARY AGREEMENT

   8. Mudd has entered into this Stipulation and Agreement voluntarily and represents that no threats, offers, promises, inducements, or representations other than those contained in this Stipulation and Agreement have been made by the SEC or any member, officer, employee, agent, or representative of the SEC.

   9. Mudd has read and understands this Stipulation and Agreement. Furthermore, Mudd has reviewed all legal and factual aspects of this matter with his attorneys. Mudd has thoroughly reviewed this Stipulation and Agreement with his attorneys and has received satisfactory explanations concerning each paragraph of this Stipulation and Agreement. After conferring with his attorneys and considering all available alternatives, Mudd has made a knowing decision to enter into this Stipulation and Agreement.

## ENTIRETY OF AGREEMENT

   10. This Stipulation and Agreement constitutes the entire agreement between the SEC and Mudd and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

11. This Stipulation and Agreement cannot be modified as to Mudd or the SEC except in writing, signed by Mudd and a representative of the SEC.

12. In the event an ambiguity or a question of intent or interpretation arises, this Stipulation and Agreement shall be construed as if drafted jointly by the Parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring the SEC or Mudd by virtue of the authorship of any of the provisions of the Stipulation and Agreement.

13. Mudd hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Stipulating Defendant to defend against this Case. For these purposes, the Parties agree that no party is the prevailing party in this Case. Nothing in this Stipulation and Agreement is intended to limit in any way Fannie Mae's duties and obligations of advancement and/or indemnification with respect to Mudd.

## CONTINUING JURISDICTION

14. The Court shall retain jurisdiction of this matter for the purpose of enforcing Paragraph 6 of this Stipulation and Agreement.

15. The Clerk of the Court is directed to terminate Mudd from the docket and close this case.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Dated: __8/11__, 2016

1076081

U.S. Securities and Exchange Commission

By: _____

U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-5971

_____  
Daniel H. Mudd

Approved as to form

_____  
John W. Keker
Keker & Van Nest LLP     BXD
633 Battery Street
San Francisco, CA 94111

So Ordered: _____     Dated: August 22, 2016
Paul A. Crotty   UNITED STATES DISTRICT JUDGE

1076081